Max Moskowitz (MM 5866)
Stephen J. Quigley (SQ 6847)
Ostrolenk Faber LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                 :

CROTON WATCH CO, INC.,            :
                                 :

                 Plaintiff,   :    Civil Action No. 11-6518 (JFK)
                                 :    ECF CASE

          v.                  :

JACOB & CO.                       :

             Defendant   :
                                 :
-------------------------------------------------------------x

## COMPLAINT

       Croton Watch, Co. Inc.  ("Plaintiff" or "Croton"), by and through its attorneys,

Ostrolenk Faber LLP, hereby complains of the activities of Jacob & Co. ("Defendant" or "Jacob

& Co.") as follows:

## PARTIES

       1.    Plaintiff is a corporation formed and operating under the laws of New

York with its principal place of business at 195 Anderson Ave., Moonachie, NJ 07074.

2.       Upon information and belief, Defendant Jacob & Co. is a corporation operating under the laws of the State of New York with its principal place of business at 47 East 57th Street, New York, NY 10022.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, and 28 U.S.C §§1331, 1332(a) and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).   Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. §1051 *et seq.*, and substantial and related claims under the common law of the State of New York.

4.       Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is subject to personal jurisdiction within this judicial district and a substantial part of the events giving rise to the claims occurred within this judicial district.

## FACTS

5.       Plaintiff Croton designs and manufacturers watch products and various watch collections and retails, wholesales and advertises extensively in the United States and in other countries.   The name Croton has been in use since 1878 and Plaintiff enjoys a sterling reputation in the watch industry, which is decades old and world renowned.

6.       Since at least as early as 1994, Croton has adopted and continues to use the trademark MANHATTAN in the United States to identify a line of watches.

7.       Croton is the owner of United States Registration Number 2,028,100 for the mark MANHATTAN filed on January 19, 1994 for "watches and watch parts" in international class 14.   A copy of the certificate of registration is attached hereto as Exhibit 1.

The registration is active, valid, and in full force and effect and has been granted and has

obtained incontestable status pursuant to 15 USC §1065.

8.     Croton maintains an internet website and otherwise engages in promoting

and advertising Croton's MANHATTAN watches.

9.     Plaintiff Croton has expended significant time and effort in developing the

MANHATTAN mark in the United States as an means of identifying the source of Croton's

products.

10.     Croton has had substantial sales of the product in the United States under

the MANHATTAN mark and has sold and is currently selling its MANHATTAN watch

products through various channels.

11.     As a result of its widespread use, Croton's MANHATTAN trademark for

watches has acquired substantial consumer recognition in the United State and is a valuable asset

of Croton.

12.     Upon information and belief, Defendant is a manufacturer and seller of

watches in the United States and throughout the world.

13.     Upon information and belief, long after Croton has made substantial and

continuous use of its MANHATTAN mark in the United States, and without the authority and

consent of Croton, Defendant adopted the trademark MANHATTAN for watches.

14.     Upon information and belief, Defendant's MANHATTAN watches are

currently being sold by the Defendant in its retail stores and its web site, in the United States and,

upon information and belief, elsewhere throughout the world.

15.     A photograph and other papers showing the Defendant's watches utilizing

the MANHATTAN trademark is attached hereto as Exhibit 2.

16.   Defendant's use of the MANHATTAN trademark on watches is confusingly similar to the Plaintiff's use of its MANHATTAN trademark.  In fact, the mark MANHATTAN used by Plaintiff and Defendants is identical.

17.   Defendant's MANHATTAN products are identical to Plaintiff's MANHATTAN watch products and, upon information and belief, are sold in the channels of trade to the same or similar prospective customers as the Plaintiff Croton's MANHATTAN watches.

18.   After learning of the Defendant's infringing activities herein, as described herein, Plaintiff, by its attorneys, contacted and informed Defendant by letter dated March 18, 2011 of Croton's prior trademark rights and demanded that Defendant immediately and permanently discontinue use of the MANHATTAN trademark in connection with the manufacturing, distribution, and selling of watch products under the MANHATTAN mark.  Said letter is attached as **Exhibit 3**.

19.   In a letter date April 5, 2011, Defendant's responded via its foreign based attorneys that they would take all necessary steps in order to provide the Plaintiff with a response "these very next days".

20.   In an e-mail message dated May 13, 2011, Croton's counsel referred back to their earlier demand and pointed out that the use of the trademark MANHATTAN continues "which make Jacob & Co. a willful infringer of our client's trademark".

21.   In a responsive e-mail date May 17, 2011, the Defendant's attorneys responded again that they will get back with an answer on this matter "within the next few days".  To this date, they have not done so.  Said letter is attached as **Exhibit 4**.  On September 19, 2011, Defendant continues to advertise and sell Manhattan watches.

22.     Upon information and belief, despite receiving the aforementioned notices of Plaintiff rights in its MANHATTAN trademark, Defendant is continuing to sell watches with the MANHATTAN trademark in violation of Plaintiff's rights.

23.     Defendant's conduct of adopting of the infringing MANHATTAN trademark and continued use of this mark despite multiple actual notices and reminders of Plaintiff's prior trademark rights is evidence of Defendant's deliberate and willful trading upon the goodwill and reputation of Plaintiff and its use of defendants' MANHATTAN trademark and constitutes deliberate, intentional, egregious and wanton infringement of Plaintiff's MANHATTAN mark.

## COUNT I

### (Trademark Infringement under 15 U.S.C. §1114)

24.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Defendant's acts are likely to cause confusion, to cause mistake, and/or deceive the public, including prospective purchasers of Plaintiff's products, into mistakenly believing that Defendant's MANHATTAN watches emanate from Plaintiff or are authorized, endorsed, sponsored or approved by Plaintiff or that Defendant is connected or associated with Plaintiff, when in fact they are not.

26.     The foregoing acts and conduct of Defendant constitute willful and deliberate infringement of Plaintiff's registered trademark MANHATTAN (No. 2,028,100) in violation of Section 32 of the Lanham Act (as amended), 15 U.S.C. §1114.

27. By reason of the foregoing, Plaintiff is being irreparably damaged by Defendant's activities and will continue to be damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

28. Plaintiff has no adequate remedy at law.

## COUNT II

**(False Designation of Origin under 15 U.S.C. §1125(a))**

29. Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. The foregoing acts and conduct of Defendant are likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant and its MANHATTAN products with Plaintiff.

31. The foregoing acts and conduct of Defendant constitute a false designation of origin and a false description and representation of fact in violation of Section 43(a) of the Lanham Act (as amended), 15 U.S.C. §1125(a).

32. By reason of the foregoing, Plaintiff is being irreparably damaged by Defendant's activities and will continue to be damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

33. Plaintiff has no adequate remedy at law.

## COUNT III

### (New York Common Law Unfair Competition)

34.     Plaintiff repeats and realleges the averments contained in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     Plaintiff's MANHATTAN trademark is distinctive.

36.     By reason of the foregoing, Defendant is engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate Plaintiff's MANHATTAN trademark and the goodwill and reputation associated with it in a manner which is likely to deceive and confuse the public into believing that Defendant and its MANHATTAN products originate with or are those of Plaintiff or are sponsored by, licensed by, endorsed by, or are otherwise associated with Plaintiff.

37.     By reason of all the foregoing, Plaintiff is being irreparably damaged by Defendant's activities and will continue to be damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

38.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.     An Order preliminarily and permanently enjoining and restraining Defendant, its officers, agents, servants and employees and those persons in active concert or participation with any of them from manufacturing, importing, distributing, advertising, marketing, promoting, supplying, offering for sale or selling any products in connection with the MANHATTAN

trademark and any mark that is identical or confusingly similar to Plaintiff's MANHATTAN trademark.

ii.    An Order preliminarily and permanently enjoining Defendant, its officers, agents, servants and employees and those persons in active concert or participation with any of them from engaging in any acts of false designation of origin or false description or representation or any acts of unfair competition in connection with manufacturing, importing, distributing, advertising, marketing, promoting, supplying, offering for sale or selling any products in connection with the MANHATTAN trademark and any mark that is identical or confusingly similar to Plaintiff's MANHATTAN trademark.

iii.    An accounting and award of Defendant's profits and Plaintiff's damages sustained as a result of Defendant's acts complained of herein.

iv.    A trebling of the award of Defendant's profits and Plaintiff's damages in view of the willful and intentional nature of Defendant's conduct.

v.    An award to Plaintiff of such punitive damages as is appropriate in view of the willful conduct on the part of Defendant.

vi.    An award to Plaintiff of its costs in this action including its reasonable attorneys' fees.

vii.    An Order requiring Defendant to deliver up to Plaintiff for destruction or other disposition all remaining inventory of the MANHATTAN products, all packaging and containers displaying the MANHATTAN trademark, and all advertising, promotional and marketing materials therefor.

viii.   Such other and further relief as the Court may deem just and equitable under the circumstances herein.


### JURY DEMAND


Plaintiff seeks a jury trial on all issues entitled to be tried by a jury.


Dated: September 19, 2011
      New York, New York

Respectfully submitted,

Max Moskowitz (MM 5866)
Stephen J. Quigley (SQ 6847)

OSTROLENK FABER LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone:  (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

Exhibit 1

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 2,028,100

## United States Patent and Trademark Office

Registered Jan. 7, 1997

### TRADEMARK
PRINCIPAL REGISTER

## MANHATTAN

CROTON WATCH CO. INC. (NEW YORK COR-
PORATION)
15 WEST 37TH STREET
NEW YORK, NY 10018

FOR: WATCHES AND WATCH PARTS, IN
CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 3–0–1994; IN COMMERCE
3–0–1994.
SEC. 2(F).

SER. NO. 74–480,340, FILED 1–19–1994.

ODETTE BONNET, EXAMINING ATTORNEY

Exhibit 2



## WATCH BLOG

# December 15, 2008

The Manhattan Watch By 'Jacob The Jeweler'

Pages:

About Us

Archives:

April 2009
March 2009
February 2009
January 2009
December 2008
November 2008
October 2008
September 2008
August 2008
July 2008
June 2008
May 2008
April 2008
March 2008

CATEGORIES

A Lange & Sohne
a.b.art
alain silberstein
Alpina
Angular Momentum
Antique luxury watches
Arang and Co
Art
Aspen One
Audemars Piguet
baselworld
Bedan & Co.

1/11/2011                     Watch Blog - Luxury Watches » jacob …



You know him, you love him, and if you get a chance to do business with him, you know you have finally made it into the rich and famous club. Â  We are talking about â€˜Jacob the Jewelerâ€™.

Rappers and musicians from every back ground gave him the "Jacob The Jeweler" title representing a man who sells luxurious jewelry to the rich and the famous without budget. However, Jacob is more than a jeweler; he's also a watch maker with his own line. Â  The one that the Watch Digest would love to get our hands on is called The Manhattan and itâ€™s a limited edition Jacob & Co. watch with a diamond case top and signature case back.

Bell & Ross
Blancpain
bulova
Burberry
ears
Cartier
Casio Watches
celebrities
Celebrity Luxury Watches
Chopard
Coach
Concept Watch
Concord
Corum
Diamonds
Diane von Furstenberg
Digital Watches
Dior
Dubey and Schaldenbrand
Ebel
edox
eterna
Fortis
Fossil
Garlason Group International
Girard-Perregaux
Graham London
Gucci
H Stern
Harry Winston
history
Hollywood
horlogerie.com
Hublot
icelink
Ikepod
Interview
jacob & co
jacob the jeweler
Jaeger-LeCoultre
JeanRichard
Jewlery
KUDOKE
lg
Linde Werdelin
Luxury Watch Auctions
Luxury Watch News
Marc Ecko

1/11/2011                           Watch Blog - Luxury Watches » jacob ...



The watch dial is what intrigued us most about Jacob & Co.'s Manhattan
Limited Edition Watch.  It's actually a 3 dimensional dial watch
reminiscent of monopoly with names of famous New York areas engraved
into the dial face including Park Avenue, Wall Street, 5th Avenue, and Time
Square.  In the center, the actual hour and minute hands with are encased
in a 3D box and studded with diamonds.

It gets even better, the hour markers are pretty amazing too. New York
buildings and shapes are used as hour markers for the 1,2, 4, 5, 7,8, 10,
and 11 o'clock markers.  The 12, 3, 6, and 9 o'clock markers' are
diamond studded shapes and numbers.  The entire case measures at 29
by 29 millimeters and protects a Quartz movement and 5 jewels.
Sapphire crystal protects the case as a crocodile strap finishes off the look.

It's an extravagant, over-the-top, and luxurious watch that only "Jacob the
Jeweler" could create!

Filed under: Diamonds, celebrities, jacob & co, jacob the jeweler — Tags:
diamond watches, jacob and co, jacob the jeweler, jacob the jeweler
watches, Luxury Watches, manhattan watch limited edition — watchstylist
@ 12:18 pm | Comments (0)

maurice lacroix
MB&F
Mike Newsom
Montblanc
Movado
New Luxury Watch
New Luxury Watch Designer
New Technology
Nubeo
Omega
online watch sells
Oris Watch Company
Patek Philippe
Perrelet
Philip Stein
Piaget
pierre lannier
Prada
presidents
Ralph Lauren
Raymond Weil
Reactor
Revue Thommen
Richard Mille
Rodolphe
rolex
romain jerome
RSW
Sega
Seiko
social media
Sports Watch
Tag Heuer
Tiffan Watch Co. Ltd
Tim Burton
Timberland
timex
tissot
TOCS
tokyoflash Japan
Uncategorized
Valentine's Day
Valentino
Van Cleef & Arpels
Watch Industry News
watch of the year
watch reviews
Yeslam

BLOGROLL

A Blog to Read
BDWF.net - Watch Forum
Blog Network
Blue Nile
Luxury Watch blog
Luxury Watches
The Breitling Source
The Rolex Forums
The Watch Blog
Time Imports
Top 100 Watch Sites
Top 100 Watch Sites 2
Watch Marketing
Watch U Seek
Watches and Beyond
Wonder Watches

WATCH SITES

Luxury Watches
Movado
Tag Heuer
Breitling
Cartier

Watch Digest - Watches Blog - Luxury Watches is proudly powered by Website Marketing
Entries (RSS) and Comments (RSS).

Exhibit 3



**Ostrolenk**
**Faber** LLP
*Intellectual Property Law*

1180 Avenue of the Americas
New York, New York 10036
212.382.0700
Fax 212.382.0888
www.ostrolenk.com
email@ostrolenk.com

*Partners*
Samuel H. Weiner
Robert C. Faber
Max Moskowitz
James A. Finder
William O. Gray III
Louis C. Dujmich
Charles P. LaPolla
Douglas A. Miro
Kourosh Salehi**
Michael F. Hurley
Steven M. Hoffberg

*Associates*
Joel J. Felber**
Michael I. Markowitz
Keith J. Barkaus
David J. Torrente
Anna Vishev
Sean P. McMahon
A. Gregory Gibbs

*Of Counsel*
Martin Pfeffer
Martin J. Beran
Paul Grandinetti*
Mark A. Farley
George Brieger
Stephen J. Quigley
Art C. Cody
Paul H. Ginsburg
*DC Bar
**Connecticut Bar

Writer's direct line
(212) 596-0504

March 18, 2011

**VIA E-MAIL (info@jacobandco.com)**
Jacob & Co.
48 East 57th Street
New York, New York 10022

Attention: Legal Department

Re:  Our Ref.: 8/4617-1
     U.S. Trademark Registration No. 2,028,100
     Mark: MANHATTAN
     Registrant: Croton Watch Co. Inc.

Gentlemen/Madam:

We represent Croton Watch Co. Inc. in intellectual property matters and bring to your attention that Croton owns U.S. Trademark Registration No. 2,028,100, a copy of which is attached. That registration grants exclusive rights to Croton to use the name MANHATTAN, on or in relation to the marketing of watches.

We have observed on your website watches being sold by your company, which watches are engraved on their backs with the name MANHATTAN. We understand that Jacob & Co. is an international, highly sophisticated watch vendor with substantial experience in dealing with trademark matters. Thus, a simple online search lasting just a few minutes, would have instantly revealed to you that Croton owns the exclusive rights to the use of the name MANHATTAN on watches.

We believe that your unauthorized use of the trademark MANHATTAN on watches over which our client has no control will inevitably dilute the distinctiveness of our client's trademark and tarnish our client's reputation and goodwill, and is therefore also a violation of State and Federal anti-dilution statutes.

In view of the foregoing, we demand that you immediately cease and desist from any further use of the trademark MANHATTAN in connection with the manufacture, importing, advertising, sale and distribution of watches and watch products.

01225278.1                     *New York • Washington DC*

 Ostrolenk
Faber LLP

Jacob & Co.
March 18, 2010
Page 2

In addition, we seek full accounting of all your sales to date and this accounting should be in the form of an accounting summary of all revenues realized on this product, less any documented costs that you may have incurred on the sale of this product.

We are looking forward to your prompt response to this communication, not later than April 5, 2011.

Very truly yours,

OSTROLENK FABER LLP

Max Moskowitz

MM:ck
Enclosure

cc:      Croton Watch Co. Inc.

01225278.1

Exhibit 4

## Max Moskowitz

**From:** Info [Info@griffes.ch]
**Sent:** Tuesday, May 17, 2011 4:20 AM
**To:** Max Moskowitz
**Subject:** RE: croton

Dear Mr. Moskowitz,

We have duly noted your message below.

This being said,  our client is in the middle or reorganizing its Board of Directors and it has been very difficult to obtain their instructions regarding this file despite our numerous reminders.

We are nevertheless going to urge them to revert to us with their instructions and we will get back to you on this matter within the next days.

Yours sincerely,

**Pierre Bourquin & Delphine Coppex**
**GRIFFES CONSULTING SA**
Conseils en Propriété Intellectuelle
Route de Florissant 81
CH -1206 Genève - Suisse
Tél. : +41.22.346 33 93
Fax : +41.22.347 30 11
info@griffes.ch
www.griffes.ch
DC

De : Max Moskowitz [mailto:MMoskowitz@ostrolenk.com]
Envoyé : vendredi, 13. mai 2011 21:09
À : Info
Cc : Max Moskowitz
Objet : Croton's Manhattan Trademark for Watches

Gentlemen:

Despite your promise to return to us relative to the use of our client's MANHATTAN trademark on watches sold by Jacob & Co, we have not heard from.

Yet the use of the trademark MANHATTAN continues, which makes Jacob & Co. a willful infringer of our client's trademark.

Our client reserves its rights to proceed in light of the above.

Very Truly Yours,

Max Moskowitz

----------

8/25/2011

This message originates from the law firm indicated below. It contains information which may be confidential or privileged and is intended only for the individual or entity named above. It is prohibited for anyone else to disclose, copy, distribute or use the contents of this message. All personal messages express views solely of the sender, which are not to be attributed to the law firm, and may not be copied or distributed without this disclaimer. If you received this message in error, please notify us immediately through the below listed contact information.

Ostrolenk Faber LLP
1180 Avenue of the Americas
New York, New York 10036
Tel.: (212) 596-0500
Fax: (212) 382-0888
email@ostrolenk.com

8/25/2011